1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

3

4

5    UNITED STATES OF AMERICA,

              Plaintiff,                     No. CR-05-2007-FVS

6

7           v.                               ORDER

8

9    BRAD WAYNE YOUNG,

10              Defendant.

11

12       **THIS MATTER** comes before the Court on April 21, 2005, based upon

13   Mr. Young's motion to dismiss the indictment.  He is represented by

14   Rebecca L. Pennell; the government by Assistant United States

15   Attorney K. Jill Bolton.

16       **BACKGROUND**

17       Brad W. Young has been charged with a violation of 18 U.S.C. §

18   922(g)(8).  The indictment states:

19           That on or about December 29, 2004, in Yakima County,
         in the Eastern District of Washington, BRAD WAYNE YOUNG,
         who was at the time subject to a court order that (a) was
20       issued after a hearing of which such person received actual
         notice, and at which such person had an opportunity to
21       participate; and (b) restrains such person from harassing,
         stalking, or threatening an intimate partner of such
22       person, or engaging in other conduct that would place an
         intimate partner in reasonable fear of bodily injury, and
23       (c) includes a finding that such person represents a
         credible threat to the physical safety of such intimate
24       partner, or by its terms explicitly prohibits the use,
         attempted use, or threatened use of physical force against
25       such intimate partner that would reasonably be expected to
         cause bodily injury, issued in the Yakima County Superior
26       Court in the State of Washington on December 8, 2004, did
         knowingly possess in and affecting interstate commerce, a

ORDER - 1

firearm, to wit:  a Jennings, model J-22, .22 caliber
pistol, serial number 047888, which had been shipped or
transported in interstate commerce, in violation of Title
18, United States Code, Section 922(g)(8).

(Indictment, at 1-2.)  Initially, Mr. Young moved to dismiss on the

ground the indictment "fails to allege an offense under 18 U.S.C. §

922(g)(8)."  A motion to dismiss for failure to state an offense is

governed by Rule 12(b)(3)(B).  *United States v. Boren*, 278 F.3d 911,

914 (9th Cir.2002).  Rule 12(b)(3)(B) states in pertinent part, "[A]t

any time while the case is pending, the court may hear a claim that

the indictment or information fails . . . to state an offense."  When

determining whether an indictment states an offense, a court "is

bound by the four corners of the indictment . . .[, and] "must accept

the truth of the allegations in the indictment[.]"  *Boren*, 278 F.3d

at 914 (citations omitted).  "The indictment either states an offense

or it doesn't."  *Id.*[1]  Since, in this case, the indictment clearly

states an offense, Mr. Young is not entitled to dismissal under Rule

12(b)(3)(B).  Apparently realizing as much, Mr. Young has amended his

motion.  Instead of seeking relief pursuant to Rule 12(b)(3)(B), he

now is seeking relief pursuant to Rule 12(b)(2).  This rule states,

"A party may raise by pretrial motion any defense, objection, or

request that the court can determine without a trial of the general

issue."

---

[1]Rule 12(b)(3)(B) permits broader review when the defendant
challenges the existence of jurisdiction.  *See, e.g., United
States v. Phillips*, 367 F.3d 846, 855 (9th Cir.) (district court
properly considered the defendant's pretrial jurisdictional
challenge where the facts were uncontested and the court was
faced with a pure issue of law), *cert. denied*, --- U.S. ----, 125
S.Ct. 479, 169 L.Ed.2d 358 (2004).  Mr. Young does not contest
jurisdiction.

ORDER - 2

**RULING**

Neither Rule 12 nor any other Federal Rule of Criminal Procedure authorizes a motion for summary judgment in a criminal case. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)).[2] Thus, when a defendant moves to dismiss an indictment based upon the government's alleged inability to prove an element of the charge, a district court must determine whether the issue raised by the defendant's motion is "entirely segregable from the evidence to be presented at trial." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), (internal punctuation and citations omitted), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986).  If resolution of the motion "is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Id.* (internal quotation and citations omitted).

Mr. Young is charged with a violation of § 922(g)(8).  In *United States v. Herron*, 45 F.3d 340, 343 (9th Cir.1995), the Ninth Circuit upheld the pretrial dismissal of a § 922(g)(1) charge because the defendant's civil rights had been restored.  However, *Herron* provides little guidance here because the government did not object to pretrial resolution of the defendant's motion.  As a result, the Ninth Circuit did not discuss the scope of review permitted by Rule 12(b).  Other circuits have reached inconsistent conclusions.  The

---

[2]Effective December 1, 2002, Rule 12 was amended. Fed.R.Crim.P. 12, advisory committee's note (2002).  Former Rule 12(b) is now Rule 12(b)(1).  Charles Alan Wright, 1A *Federal Practice & Procedure: Criminal*, at 315 (3d ed. 1999) & 2004 Pocket Part at 38.

ORDER - 3

Eleventh Circuit has held that a district court must defer ruling upon a pretrial motion to dismiss a § 922(g)(5) charge based upon the defendant's allegation that he was not unlawfully in the United States. *United States v. Salman*, 378 F.3d 1266, 1269 (11th Cir.2004) (per curiam). The Fifth Circuit has held the opposite. According to the Fifth Circuit, Rule 12(b)(2) permits a district court to consider such a motion prior to trial, at least when the facts are undisputed. *United States v. Flores*, No. 04-20109, 2005 WL 603073 (5th Cir. March 16, 2005).

It is unclear whether the Fifth Circuit's interpretation of Rule 12(b) is consistent with the Ninth Circuit's interpretation. *See, e.g., Jensen*, 93 F.3d at 669 (district court "erred in considering the documentation provided by the defendants"). Assuming, however, there are circumstances in which a district court may consider a motion similar to the one brought in *Flores*, it seems likely that consideration of such a motion would be appropriate only if the relevant facts are uncontested. *Cf. United States v. Phillips*, 367 F.3d 846, 855 n.25 (9th Cir.) (discussing Rule 12(b)(3)(B)), *cert. denied*, --- U.S. ----, 125 S.Ct. 479, 169 L.Ed.2d 358 (2004). *Accord United States v. Yakou*, 393 F.3d 231, 237 (D.C. Cir.2005) (surveying cases) (dicta). This is not such a case. While the government does not dispute the authenticity of the extrinsic evidence presented by Mr. Young, the government does insist the record is incomplete. Indeed, the government has filed notice it intends to present expert testimony from Susan C. Arb, a Senior Deputy Prosecuting Attorney in the Yakima County Prosecuting Attorney's Office. Ms. Arb is expected to describe "felony preliminary appearances and arraignments in Yakima County Superior Court, particularly those at which domestic

ORDER - 4

violence no contact orders are issued as part of the proceeding[.]"
Given the government's contention that the record is incomplete, a
contention for which there is support in the record, the Court lacks
authority to resolve Mr. Young's motion prior to trial.[3]

This does not mean Mr. Young lacks a remedy.  He may test the
sufficiency of the government's evidence by bringing a motion for
judgment of acquittal at the conclusion of the government's case in
chief.  Fed.R.Crim.P. 29(a).  *See United States v. Nukida*, 8 F.3d
665, 670, 673 (9th Cir.1993).  Whether the government's evidence will
be sufficient to survive a Rule 29 motion remains to be seen.  Mr.
Young has raised serious questions with respect to whether he was
given a meaningful opportunity to participate in the hearing at which
the no-contact order was entered.  For example, the presiding judge
previously had appointed an attorney to represent Mr. Young.  Despite
knowing Mr. Young was represented by counsel, the judge proceeded to
arraign Mr. Young and issue a no-contact order without determining
whether Mr. Young was willing to waive his attorney's presence at the
hearing.  It is difficult to say whether Mr. Young would have

---

[3]Even if the record was complete and the relevant facts were
undisputed, it is unlikely the Court properly could decide, prior
to trial, whether the government's evidence is sufficient to
prove the no-contact order "was issued after a hearing of which
[Mr. Young] received actual notice, and at which [he] had an
opportunity to participate[.]"  18 U.S.C. § 922(g)(8).  Where, as
here, the issues raised by a motion to dismiss appear to be
intertwined with the elements of the crime charged, a district
court must defer ruling on the motion.  *See, e.g., United States
v. Nukida*, 8 F.3d 665, 669-70 (9th Cir.1993) ("Inasmuch as
Nukida's arguments before the district court challenged the
government's ability to prove that her actions affected commerce,
her motion to dismiss amounted to a premature challenge to the
sufficiency of the government's evidence tending to prove a
material element of the offense defined by [18 U.S.C. § 1365].").

ORDER - 5

responded to the judge's questions as he did if his attorney had been present.  Perhaps he would have consented to entry of a no-contact order; perhaps not.  Nevertheless, given the severe consequences that can attend the issuance of a no-contact order, a credible argument can be made that Mr. Young's arraignment was a critical stage in the proceedings and that he was deprived of his Sixth Amendment right to counsel.  While a Sixth Amendment violation may not preclude the government from relying upon the no-contact order to prove a violation of § 922(g)(8), the existence of a Sixth Amendment violation, if one occurred, certainly is relevant with respect to whether Mr. Young was afforded a meaningful opportunity to participate in the hearing.  Equally relevant is the judge's failure to advise Mr. Young that he had a right to object to the issuance of a no-contact order and to present evidence in opposition thereto.  In citing these arguable defects in the hearing, the Court is not signaling that it will grant a Rule 29(a) motion if one is made.  To the contrary, the preceding discussion is meant only to highlight issues the parties should address at trial.

**IT IS HEREBY ORDERED:**

Mr. Young's motion to dismiss **(Ct. Rec. 41)** is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___29th___ day of April, 2005.

_____s/Fred Van Sickle_____
Fred Van Sickle
Chief United States District Judge

ORDER - 6