UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

BRAD WAYNE YOUNG,

            Defendant.

No. CR-05-2007-FVS

ORDER

**THE DEFENDANT** has been convicted of the crime of possession of a firearm by a prohibited person.  18 U.S.C. § 922(g)(8).  This matter comes before the Court based upon his motions for judgment of acquittal, Fed.R.Crim.P. 29, or, in the alternative, a new trial. Fed.R.Crim.P. 33(a).  He is represented by Rebecca L. Pennell; the government by Assistant United States Attorney K. Jill Bolton.

**BACKGROUND**

During December of 2004, a law enforcement officer arrested Mr. Young based upon probable cause to believe he had assaulted an estranged girlfriend.  On December 6th, Mr. Young was taken before a judge for a preliminary appearance.  Given the nature of the crime, the judge was required to determine whether he needed to issue an order prohibiting Mr. Young from having contact with the complaining

witness.  RCW 10.99.040(2)(a).  This determination was governed by "the procedures established by court rule for a preliminary appearance or an arraignment."  RCW 10.99.045(3).  Pursuant to Washington Superior Court Criminal Rule ("CrR") 3.2.1(e)(2), the judge could not issue a no-contact order unless he first found probable cause existed to believe Mr. Young had committed a crime. The judge was authorized to consider affidavits and sworn testimony when determining whether probable cause existed. *Id.*  The judge reviewed what he described as an "initial report."  (Verbatim Report of Preliminary Appearance, at 2.)  Based upon its contents, the judge found probable cause and issued a no-contact order. *Id.*  In addition, he appointed an attorney to represent Mr. Young.  On December 8th, Mr. Young was taken before the same judge for arraignment.  The judge did not ask him whether he was willing to waive his attorney's presence.  Instead, the judge proceeded to arraign Mr. Young. *Cf*. CrR 4.1(d) ("Unless the waiver is valid, the court shall not proceed with the arraignment until counsel is provided.").  During the brief hearing, the judge asked Mr. Young about his relationship with the alleged victim.  RCW 10.99.040(3) ("At the time of arraignment the court shall determine whether a no-contact order shall be issued or extended.").  Mr. Young said she had moved out of his house.  (Verbatim Report of Arraignment, at 4.)

ORDER - 2

Shortly thereafter, the following exchange occurred:

> THE COURT:      I'm going to reduce bail today to $5,000.  Now
> I'm setting a trial date for Monday January 24th
> at 9:00.  And an omnibus hearing for Thursday,
> January 13, at 9:00.  You must come back to court
> according to that schedule beginning with the
> omnibus hearing on January 13; do you understand
> that?
>
> MR. YOUNG:      Yes.
>
> THE COURT:      I'm also issuing a new domestic violence no-
> contact order which requires you to stay away
> from Lena Perez whether she wants to have contact
> with you or not; do you understand that?
>
> MR. YOUNG:      No problem.

(Id. at 4-5.)  The no-contact order of December 8th "extinguished"

the no-contact order of December 6th.  (Domestic Violence No Contact

Order at 2.)  Mr. Young was furnished with a copy of the new order.

The second page contains the following provision, "Effective

immediately, and continuing as long as the protection order is in

effect, you may not possess a firearm or ammunition.  18 U.S.C.

section 922(g)(8)."  On December 29th, Mr. Young knowingly possessed

a pistol.  As a result, he was charged with a violation of 18 U.S.C.

§ 922(g)(8).  This statute makes possession of most firearms unlawful

for a person who is subject to a court order that:

> *(A) was issued after a hearing of which such person
> received actual notice, and at which such person had an
> opportunity to participate;*
> (B) restrains such person from harassing, stalking, or
> threatening an intimate partner . . .; and
> (C)(i) includes a finding that such person represents a
> credible threat to the physical safety of such intimate
> partner . . .; or

ORDER - 3

       (ii) by its terms explicitly prohibits the use, attempted
       use, or threatened use of physical force against such
       intimate partner . . . that would reasonably be expected to
       cause bodily injury; . . . .

(Emphasis added.)  Prior to trial, Mr. Young moved to dismiss the

indictment, arguing the December 8th no-contact order does not

satisfy the criteria set forth in 18 U.S.C. § 922(g)(8)(A).  For one

thing, he said he was not given notice prior to arraignment that the

judge would be deciding whether to extend the no-contact order.  For

another, he said he was not given a meaningful opportunity prior to

issuance of the no-contact order to present evidence and contest the

need for an order.  The Court deferred ruling.  (Amended Order of May

2, 2005.)  Mr. Young exercised his right to a jury trial.  At the

conclusion of the government's case-in-chief, he moved for judgment

of acquittal.  Fed.R.Crim.P. 29(a).  The Court reserved ruling.

Fed.R.Crim.P. 29(b).  The jury found him guilty.  Now, he has filed a

timely motion for a new trial.  Fed.R.Crim.P. 33.

     **RULE 29**

    A motion for judgment of acquittal may be granted only "if the

evidence is insufficient to sustain a conviction."  Fed.R.Crim.P.

29(a).  *See United States v. Talbert*, 710 F.2d 528, 530 (9th

Cir.1983), *cert. denied*, 464 U.S. 1052, 104 S.Ct. 733, 79 L.Ed.2d 192

(1984).  The question is "whether, after reviewing the evidence in

the light most favorable to the prosecution, any rational trier of

ORDER - 4

fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bishop*, 959 F.2d 820, 829 (9th Cir.1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). *Accord United States v. Vgeri*, 51 F.3d 876, 879 (9th Cir.1995) (quoting *Bishop*). Insofar as that question is concerned, the government is entitled to the benefit of any inferences which reasonably may be drawn from established facts. *See United States v. Stauffer*, 922 F.2d 508, 514 (9th Cir.1990).

One of the issues raised by the defendant's motion for judgment of acquittal is whether Congress intended to require advance notice of the hearing at which the no-contact order was entered. In that regard, the most persuasive evidence of Congressional intent is a statute's plain language. *See United States v. Mendoza*, 244 F.3d 1037, 1042 (9th Cir.2001). Words that are not defined by statute must be given their ordinary meanings. 244 F.3d at 1042. Here, it is appropriate to begin with the adjective "actual." This word may be defined in several ways. In this context, the most fitting definition is "[e]xisting in fact." *Black's Law Dictionary* 35 (7th ed.1999). Thus, "actual notice" is notice that is received by a person, *see id*. at 1087, rather than notice that is imputed to him. *Id*. at 1088. While a helpful beginning, this observation does not resolve the issue raised by Mr. Young's Rule 29 motion. The fact

ORDER – 5

imputed notice is insufficient does not mean advance notice is
required.  Given the ambiguity, the Court may examine legislative
history.  *See United States v. Hernandez-Vermudez*, 356 F.3d 1011,
1014 (9th Cir.2004).  Although both parties rely to some extent upon
legislative history, neither has cited anything indicating whether
advance notice is required.  Consequently, the Court must consider
other sources of guidance.  The Sixth Circuit has observed that §
922(g)(8)(A) requires no less than the due process clause.  *See
United States v. Calor*, 340 F.3d 428, 431 (6th Cir.2003), *cert.
denied*, --- U.S. ----, 124 S.Ct. 2160, 158 L.Ed.2d 730 (2004).  This
means courts may rely upon principles of due process in interpreting
§ 922(g)(8)(A), and, indeed, this has been the case.  *See id.*
(quoting *United States v. Wilson*, 159 F.3d 280, 289-90 (7th Cir.1998)
(quoting, among other authorities, *Mathews v. Eldridge*, 424 U.S. 319,
96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and *Cleveland Bd. of Educ. v.
Loudermill*, 470 U.S. 52, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985))).
Advance notice is an important component of due process.  *See
Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105
S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (hereinafter "*Loudermill*").
Advance notice gives a person an opportunity to prepare for a hearing
at which his interests will be affected.  *See In re Gault*, 387 U.S.
1, 32, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967) ("notice . . . must

ORDER - 6

be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded"). The preceding principle seems particularly relevant here. Without advance notice, a party is unable to consult an attorney, evaluate allegations, or marshal evidence. In view of these considerations, it is reasonable to conclude that § 922(g)(8)(A) requires advance notice of a judge's intention to extend a no-contact order. This conclusion is supported by cases in which § 922(g)(8) convictions have been affirmed. *See, e.g., United States v. Lippman*, 369 F.3d 1039, 1041 (8th Cir.2004) ("Lippman was served with notice of the application and appeared with the applicant before a California state judge"), *cert. denied*, --- U.S. ----, 125 S.Ct. 942, 160 L.Ed.2d 824 (2005); *United States v. Banks*, 339 F.3d 267, 268 (5th Cir.2003) (the presiding judge "gave Banks the *ex parte order* and advised him that a hearing on the application for the temporary protective order was set for October 22"); *United States v. Wilson*, 159 F.3d 280, 284 (7th Cir.1998) (the defendant's estranged wife "obtained an emergency order of protection against Wilson, with which he was subsequently served. The order stated that a further hearing would be held on September 1, 1995, and Wilson . . . appeared in court that day."), *cert. denied*, 527 U.S. 1024, 119 S.Ct. 2371, 144 L.Ed.2d 774 (1999). The government argues Mr. Young received adequate notice at his

ORDER - 7

preliminary appearance.  At that time, the judge found probable cause
to believe Mr. Young had committed a crime.  He advised Mr. Young
that he would be notified of charges, if any, during the next two
days.  He issued a no-contact order, and he set bail at $15,000.
According to the government, Mr. Young should have inferred from
these circumstances that the judge would decide, at arraignment,
whether to extend the no-contact order.  This argument is
unpersuasive.  Neither the judge nor Mr. Young knew at the time of
Mr. Young's preliminary appearance whether a charge would be filed,
which meant that neither knew whether an arraignment would occur.
Moreover, the judge identified only one matter he would reconsider at
arraignment -- Mr. Young's bail.  Thus, Mr. Young had no reason to
expect that in the event he was charged and arraigned, the judge
would review the no-contact order.  Finally, the notice prong of §
922(g)(8)(A) cannot be satisfied by imputing notice to Mr. Young
based upon that which he could have inferred.  To the contrary, he
was entitled to notice prior to his arraignment that the judge
intended to decide whether to extend the no-contact order.  Mr. Young
did not receive such notice.

     Another issue raised by Mr. Young's motion for judgment of
acquittal is the meaning of the term "opportunity to participate."
This term is not defined by statute, nor have the parties cited

legislative history that clarifies its meaning.  However, at least
four circuit courts of appeal have interpreted it.  In *Wilson*, the
Seventh Circuit said, "An opportunity to respond is afforded when a
party has 'the opportunity to present reasons, either in person or in
writing, why proposed action should not be taken[.]'"  159 F.3d at
290 (quoting *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495).  The
Eighth, Sixth, and Fifth circuits have cited *Wilson* with approval.
*See, e.g, Lippman*, 369 F.3d at 1042; *Calor*, 340 F.3d at 431; *United
States v. Spruill*, 292 F.3d 207, 219 n.15 (5th Cir.2002).  There is
no reason to think the Ninth Circuit will do otherwise.  Thus, the
Court concludes that *Wilson* sets forth the standard by which Mr.
Young's arraignment must be judged.  Applying this standard requires
careful examination of the record.  The parties have very different
views about the opportunities that were available to Mr. Young at his
arraignment.  As the government points out, the judge asked Mr. Young
several questions concerning his relationship with the alleged
victim.  In addition, the judge advised Mr. Young he was issuing a
no-contact order and asked him whether he understood the significance
of the order.  The government insists Mr. Young could have objected
to the issuance of an order and asked to present evidence in support
of his objection.  Instead, Mr. Young told the judge, "No problem."
This response, says the government, constitutes consent.  According

ORDER – 9

to the government, consent is sufficient to satisfy the participation

prong of § 922(g)(8)(A). *Banks*, 339 F.3d at 272-73 (an agreed order

can serve as the basis of a § 922(g)(8) charge). Mr. Young disputes

the government's interpretation of the record. He argues that he did

not consent to entry of the no-contact order and that he did not

receive a meaningful opportunity to participate in the decision-

making process that led to issuance of the order. The parties'

competing interpretations of Mr. Young's arraignment must be analyzed

in light of the record as a whole. *Banks*, 339 F.3d at 273 (listing

factors which supported a finding that the "hearing" requirement of §

922(g)(8)(A) was satisfied). Besides the circumstances cited by the

government, the following are relevant: The judge who presided over

Mr. Young's arraignment did not allow him to consult with his

attorney before issuing the no-contact order.[1] The judge did not ask

Mr. Young whether he wanted to review the report upon which the judge

---

[1]In some contexts, a person's decision to act or to refrain
from acting must be knowing and voluntary in order to be valid.
*See, e.g., Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517,
523, 121 L.Ed.2d 391 (1992) (guilty plea must be knowing and
voluntary because it involves the waiver of three constitutional
rights). The decision to stipulate to the entry of a no-contact
order appears to be this type of decision. The Court assumes
that in determining whether Mr. Young knowingly and voluntarily
consented to entry of the no-contact order, the Court may
consider whether he had access to legal advice. Thus, whether or
not Mr. Young's arraignment was a critical stage in the
proceedings, *see Baker v. City of Blaine*, 221 F.3d 1108, 1110-11
(9th Cir.2000), it is significant that his attorney was not
present and that he did not waive his attorney's presence.

ORDER - 10

relied to find probable cause.[2]  The judge did not advise Mr. Young

he was entitled to challenge the contents of the report.  The judge

did not ask Mr. Young whether he had any evidence to present, and the

judge did not ask Mr. Young whether he objected to entry of a no-

contact order.  No one of these factors is dispositive.  Furthermore,

the Court is mindful that the participation prong of § 922(g)(8)(A)

may be satisfied even though a person appears at a hearing without an

attorney and presents no evidence.  *See, e.g., Lippman*, 369 F.3d at

1041.  Nevertheless, having examined the record as a whole, the Court

concludes that the judge who presided over Mr. Young's arraignment

did not provide him with a meaningful opportunity to participate in

the decision-making process that led to the extension of the no-

contact order.  To the contrary, the judge's principal concern was

whether Mr. Young understood he was bound by the order.  While

significant, the inquiry prompted by this concern did not satisfy §

922(g)(8)(A).  Asking someone whether he understands an order has

been issued is not the same as giving him an opportunity to oppose

the order before it is issued.

    In sum, the jury lacked evidence from which it could have found

beyond a reasonable doubt that Mr. Young received either actual

---

[2]Presumably, this is something Mr. Young's attorney would
have been entitled to do had he been present.

ORDER - 11

notice of, or an opportunity to participate in, the hearing that led to issuance of the no-contact order upon which his conviction is based.  He was not informed prior to December 8th that the judge would decide at his arraignment whether to extend the no-contact order, and he was not afforded a meaningful opportunity to participate in the decision-making process that led to the extension of the no-contact order.  Consequently, he is entitled to judgment of acquittal.

**RULE 33(a)**

A district court may grant a new trial when "the interest of justice so requires." Fed.R.Crim.P. 33(a).  Given the elements of § 922(g)(8)(A) and Mr. Young's defense to the charge, the jury instructions were incomplete.  For one thing, the jury should have been instructed that actual notice means advance notice.  For another thing, the jury should have been instructed more clearly concerning the factors it needed to consider in determining whether Mr. Young received a meaningful opportunity to participate.[3]  The Court cannot say the error was harmless beyond a reasonable doubt.  *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1191, 1197 (9th Cir.2000) (en banc).  Thus, if the judgment of acquittal is reversed, a new

---

[3]The Court is especially dissatisfied with Instruction No. 7.

ORDER - 12

trial is warranted.

**IT IS HEREBY ORDERED:**

1. The defendant's motion for judgment of acquittal is granted.

2. His request for a new trial (**Ct. Rec. 89**) is granted.

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   1st   day of June, 2005.

                        s/ Fred Van Sickle
                        Fred Van Sickle
              Chief United States District Judge

ORDER – 13